## COBLENTZ v. COCHRAN.

No. 3778. Opinion Filed August 18, 1914.

Rehearing Denied October 27, 1914.

(143 Pac. 658.)

1   LIS PENDENS—Pendency of Suit—Execution of Deed—Priority of Sheriff's Deed. Plaintiff in error's deed was obtained June 23, 1909. Suit was pending against the land in question and an order of sale under execution had already issued. On August 31st defendant in error purchased the tract in question at sheriff's sale and received a sheriff's deed issued pursuant to said order of sale. **Held,** the sheriff's deed issued to defendant in error was superior and paramount to grantor's deed issued to plaintiff in error while suit was pending.

2.   JUDGMENT—Collateral Attack. Where the proceedings and judgment of a court are not void, but merely voidable for irregularities, they cannot be attacked collaterally.

(Syllabus by Harrison, C.)

*Error from District Court, Seminole County;*

*Tom D. McKeown, Judge.*

Action by Cora D. Coblentz against Almond D. Cochran to remove cloud from title. Judgment for defendant, and plaintiff brings error. Affirmed.

*Davis & Davis,* for plaintiff in error.

*R. H. Ellison* and *H. E. P. Stanford,* for defendant in error.

Opinion by HARRISON, C.  On June 23, 1909, plaintiff in error obtained a deed from one Joe Ard, a Creek freedman, to the tract of land in question. On August 31, 1909, the defendant in error obtained a sheriff's deed to the same tract of land, which sheriff's deed was issued pursuant to an order of the district court to satisfy a judgment and order of attachment issued out of such court. On September 17, 1910, the plaintiff in error brought this action to remove the cloud created by virtue of such

sheriff's deed and to have her deed declared paramount to such sheriff's deed.

The cause came on for trial before the court and the validity and superiority of the deeds determined in favor of Almond D. Cochran, the defendant, who held the sheriff's deed. The suit in which judgment was rendered for the sale of such land was begun August 24, 1908, and the land in question attached. This suit was brought by one H. P. Stanford, and entitled "H. P. Stanford v. Joe Ard," in which suit judgment was rendered by the district court in favor of Stanford, and subsequently an execution and order of sale of said land issued by said court to satisfy the judgment in said case of Stanford against Ard, and pursuant to such order of sale the land was sold and the sheriff's deed above mentioned was issued to defendant, Almond D. Cochran, the purchaser at sheriff's sale. From the judgment sustaining the validity of the sheriff's deed in the case at bar, plaintiff appeals upon seven assignments of error.

These assignments, however, involve two primary propositions: First, that plaintiff's deed from Ard, dated June 23, 1909, having been obtained while the suit between Stanford and Ard was pending and while the land in question was under attachment in such suit, our statutory doctrine of *lis pendens* was applicable, and rendered such deed void as between the plaintiff and the holder under the sheriff's deed; second, the sheriff's deed, having been issued by order of the district court to satisfy a judgment rendered in such court, could not be attacked in this character of proceedings.

These two propositions, being considered together, and they should be in the case at bar, constitute a bar to recovery in favor of plaintiff. Section 4732, Rev. Laws 1910, provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice

shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

Construed in *Holland v. Cofield,* 27 Okla. 469, 112 Pac. 1032; *Core v. Smith,* 23 Okla. 909, 920, 102 Pac. 114; *McWhorter v. Brady,* 41 Okla. 383, 140 Pac. 782.

It will be seen, then, that the plaintiff's deed, having been obtained while suit was pending against the land, was invalid as to Stanford's interest, or parties purchasing at a sheriff's sale made pursuant to an order of court to satisfy Stanford's judgment, unless the proceedings in the case of Stanford v. Ard were either void or voidable for irregularities. So far as the record discloses in the case at bar, the proceedings in such case were in all things regular and valid. Hence such proceedings and judg- ment, if irregular in any feature, were not void, but merely void- able, and, if voidable only, they could not be attacked collaterally, and this was purely a collateral attack. Therefore, under the record, we believe the trial court was correct in decreeing the sheriff's deed to defendant superior and paramount to plaintiff's and that the judgment should be affirmed.

By the Court: It is so ordered.