In re Larry L. ABBOUD, Debtor.

Larry L. Abboud, Plaintiff—Appellant,

v.

Thomas J. Abboud, Defendant—
Appellee.

BAP No. 99–033.
Bankruptcy No. 98–03314.
Adversary No. 99–086.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Aug. 19, 1999.

Submitted on the briefs *

James A. Conrady and LaNell W. Collins, Okmulgee, OK, for Plaintiff-Appellant.

Sam G. Bratton II, of Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, OK, for Defendant-Appellee.

Before PUSATERI, BOULDEN, and ROBINSON, Bankruptcy Judges.

## OPINION

BOULDEN, Bankruptcy Judge.

Larry L. Abboud (Debtor) appeals an Order and Judgment of the United States Bankruptcy Court for the Northern District of Oklahoma overruling his objection to a proof of claim filed by Thomas J. Abboud (Creditor), and allowing the Creditor's claim. *See Abboud v. Abboud (In re Abboud)*, 232 B.R. 793, 796 (Bankr. N.D.Okla.1999). Applying the *Rooker–Feldman* doctrine, the bankruptcy court refused to disallow the Creditor's claim, which was based on a state court judgment, because to do so would have the effect of reversing the valid and enforceable judgment. We affirm.

## BACKGROUND

The Debtor defaulted under a Contract for Deed that would have allowed certain property to be reconveyed to him upon payment of certain sums to the Creditor. The Creditor initiated a foreclosure action in the District Court in and for Tulsa County, Oklahoma (State Court), and the Debtor defended, arguing that the Creditor was precluded from foreclosing because his claim was barred under the applicable statute of limitations. The State Court, rejecting the Debtor's statute of limitations defense, entered judgment in favor of the Creditor in the amount of $174,916.30, plus costs and interest, recognized the validity of the lien held by the Creditor, and ordered the sale of the property (Judgment).[1]

The Debtor appealed the Judgment, but prior to a ruling from the appellate court, filed a petition for relief under Chapter 13. Relying on the Judgment, the Creditor filed a proof of claim against the Debtor's estate and asserted a secured claim in the amount of $182,726.28. The Debtor objected to the Creditor's proof of claim, arguing that it should be disallowed in its entirety because the Judgment was "voidable." *Objection to Claim of Thomas Ab-*

---

* After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore submitted without oral argument.

1. The State Court concluded that it would be " 'error to cancel [a] mortgage on the ground that it is stale and unenforceable, and defendant should have been required as a condition to cancellation, to pay the amount secured thereby under the equitable rule that he who seeks equity must do equity.' " *Abboud*, 232 B.R. at 796 (alteration in original) (quoting the Judgment at p. 4).

*boud* ¶ 5. In so doing, the Debtor stated: "The claim is voidable and subject to collateral attack because the judgment is contrary to the Laws of the State of Oklahoma with respect to the applicable Statute of Limitations for bringing the action." *Id.* at ¶ 3. The Creditor responded to the Debtor's claim objection, placing the matter at issue.

Because the Debtor sought to avoid the lien recognized in the Judgment, the bankruptcy court treated the contested claim objection as an adversary proceeding. Fed. R. Bankr.P. 3007 and 7001. After trial and post-trial briefing, the bankruptcy court entered an Order and Judgment overruling the Debtor's claim objection, allowing the Creditor's claim in its entirety, and finding that the claim was secured by the Creditor's lien against the property to the extent provided in 11 U.S.C. § 506.[2] Contemporaneously with its Order and Judgment, the bankruptcy court entered a Memorandum Opinion, explaining that the Judgment was valid and enforceable, and that:

> [T]he Objection in this Court is "inextricably intertwined" with the merits of the State Court Action. In order to sustain the Objection, this Court must effectively vacate and/or reverse the decision of the State Court on the statute of limitations issue; indeed, the Debtor has expressly requested this Court to revisit the statute of limitations issue. The *Rooker–Feldman* doctrine prevents the Court from doing so. Debtor's only ap-

propriate avenue of review is through an appeal to the Oklahoma Supreme Court.

*Abboud,* 232 B.R. at 798–99 (footnote omitted).[3] The Debtor timely appealed the bankruptcy court's final Order and Judgment, and the parties have consented to this Court's jurisdiction. *See* 28 U.S.C. §§ 158(a)(1) and (c)(1); Fed. R. Bankr.P. 8001(a) and 8002(a); 10th Cir. BAP L.R. 8001–1.

### STANDARD OF REVIEW

The bankruptcy court's Order and Judgment was a ruling that it lacked subject matter jurisdiction over the Debtor's claim objection. *Kiowa Indian Tribe v. Hoover,* 150 F.3d 1163, 1165 (10th Cir.1998); *Facio v. Jones,* 929 F.2d 541, 543 (10th Cir.1991); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986). The Order and Judgment was also a ruling regarding the preclusive effect of a prior judgment. We review both types of rulings *de novo.* *Kiowa Indian Tribe,* 150 F.3d at 1165; *In re Griego,* 64 F.3d 580, 584 (10th Cir.1995); *Johnson v. Laing (In re Laing),* 945 F.2d 354, 357 (10th Cir.1991); *Facio,* 929 F.2d at 543; *Van Sickle,* 791 F.2d at 1436. *De novo* review requires an independent determination of the issues, with "no form of appellate deference" to the bankruptcy court's decision. *Salve Regina College v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *see Kiowa Indian Tribe,* 150 F.3d at 1165.

**2.** Unless otherwise noted, all future statutory references are to Title 11 of the United States Code.

**3.** The bankruptcy court also considered the preclusive effect of the Judgment under 28 U.S.C. § 1738 as required under *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). *Abboud,* 232 B.R. at 797. Section 1738 states that judicial proceedings of a state have "the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. In *Marrese,* the Court stat-

ed that § 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." 470 U.S. at 380, 105 S.Ct. 1327, *quoted in Abboud,* 232 B.R. at 797; *see also Wilkinson v. Pitkin County Bd. of County Commrs.,* 142 F.3d 1319, 1322 (10th Cir.1998). Applying this law, the bankruptcy court concluded that *res judicata* did not prevent it from reviewing the Judgment because it was not a "final judgment" under Oklahoma law inasmuch as the Judgment had been appealed. *Abboud,* 232 B.R. at 797 (relying on *Miller v. Miller,* 956 P.2d 887, 896 (Okla.1998)); *Grider v. USX Corp.,* 847 P.2d 779, 784 (Okla.1993).

## DISCUSSION

The bankruptcy court overruled the Debtor's objection to the Creditor's proof of claim on the basis that it was prevented from reversing or vacating the Judgment under the *Rooker–Feldman* doctrine as established in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The *Rooker–Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994), *quoted in Kiowa Indian Tribe*, 150 F.3d at 1169; *see ASARCO Inc. v. Kadish*, 490 U.S. 605, 622, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989); *Feldman*, 460 U.S. at 476, 103 S.Ct. 1303 (citing *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)); *Rooker*, 263 U.S. at 416, 44 S.Ct. 149; *Facio*, 929 F.2d at 543; *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 264–65 (10th Cir.1989), *cert. denied*, 497 U.S. 1003, 110 S.Ct. 3236, 111 L.Ed.2d 747 (1990); *Anderson v. State of Colorado*, 793 F.2d

262, 263–64 (10th Cir.1986); *Van Sickle*, 791 F.2d at 1436.[4] Jurisdiction to review valid state court judgments thus lies exclusively with the superior state courts and, ultimately, the Supreme Court. *Feldman*, 460 U.S. at 476, 103 S.Ct. 1303 (citing 28 U.S.C. § 1257); *Atlantic Coast Line*, 398 U.S. at 287 & 296, 90 S.Ct. 1739; *Rooker*, 263 U.S. at 416, 44 S.Ct. 149; *Kiowa Indian Tribe*, 150 F.3d at 1169; *Anderson*, 793 F.2d at 264.

The only grounds for the Debtor's objection to the Creditor's proof of claim in the bankruptcy court was that the Judgment entered by the State Court, upon which the Creditor's claim was based, was "voidable" because the underlying foreclosure action was barred by an Oklahoma statute of limitations. The application of the statute of limitations was the precise issue presented to and rejected by the State Court when it rendered its Judgment, and, apparently, is the issue before the state appellate court. As such, the bankruptcy court did not err in concluding that the *Rooker–Feldman* doctrine was applicable. A ruling on the merits of the Debtor's claim objection by the bankruptcy court would have amounted to impermissible appellate review of the State Court's Judgment.[5]

---

**4.** The Court in *Johnson* stated that the *Rooker–Feldman* doctrine involves a challenge to a state court judgment "based on the losing party's claim that the state judgment itself violates the loser's federal rights." 512 U.S. at 1006, 114 S.Ct. 2647. This language has been quoted by the Tenth Circuit in its definition of the *Rooker–Feldman* doctrine. *Kiowa Indian Tribe*, 150 F.3d at 1169. Despite this language, nothing in *Rooker* or *Feldman* indicates that the *Rooker–Feldman* doctrine is limited to claims that a state court judgment violates a party's federal rights. Rather, in making this statement, the Court in *Johnson* was merely describing the type of claim before it. Specifically, *Johnson* involved a challenge to a reapportionment plan. After a state court ruled that it was valid, opponents to the plan filed an action in federal district court, contending that the plan violated federal law. The district court agreed, finding the plan to be invalid. In so doing, the district court refused to give the state court's judg-

ment preclusive effect. The Supreme Court held that the district court's ruling was not in violation of the *Rooker–Feldman* doctrine because the parties to the federal action were not the same as those in the state court action.

**5.** The bankruptcy court stated that "[t]he determinative issue when applying the *Rooker–Feldman* doctrine is whether the claim at issue is 'inextricably intertwined' with the state court judgment." *Abboud*, 232 B.R. at 798. This is not accurate. The *Rooker–Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court, but also bars consideration of claims that are "inextricably intertwined" with issues ruled upon by the state court. *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303; *see Facio*, 929 F.2d at 543. Analysis of whether a claim is "inextricably intertwined" with a state court judgment is necessary only if the claim before the federal court was not

The Debtor argues that the bankruptcy court erred because under *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), a bankruptcy court may, as a court of equity, inquire into the validity of a claim, even one that has been reduced to judgment. While *Pepper* does so hold,[6] its facts are distinguishable from the facts in this case. *See In re Audre, Inc.*, 216 B.R. 19, 29 (9th Cir. BAP 1997) (distinguishing *Pepper* in applying the *Rooker–Feldman* doctrine and refusing to disallow a claim based on a state court judgment).

In *Pepper*, the "dominant and controlling stockholder" of the debtor corporation obtained a state court judgment for alleged salary claims pursuant to a scheme to defraud creditors, including Pepper who was a judgment creditor of the debtor. 308 U.S. at 297, 60 S.Ct. 238. The trustee of the debtor's bankruptcy estate moved to set aside the judgment in state court, arguing that it was void under Virginia procedural law. Although the state court found that the judgment was void, it refused to set it aside, finding that the trustee was estopped from challenging it because Pepper had, in an earlier unrelated action, recognized the validity of the claim. This decision was affirmed by the state appellate court. After the debtor filed bankruptcy, the stockholder filed a claim against the debtor based on the state court judgment, and Pepper challenged the va-

lidity of the claim. The bankruptcy court disallowed the claim, and the federal appeals court reversed, holding that the state court's earlier decision was *res judicata* in the bankruptcy case. *Id.* at 301–302, 60 S.Ct. 238. The Supreme Court reversed the court of appeals, holding that the bankruptcy court was not barred from disallowing the claim because *res judicata* did not apply, as the trustee did not raise and the state court did not consider the validity of the claim underlying the judgment, but rather a procedural issue related to the judgment. Furthermore, the Court found that the bankruptcy court properly disallowed the claim because the state court judgment was procured by fraud and, therefore, was "without lawful existence." *Id.* at 305, 60 S.Ct. 238.

The facts in this case are not analogous to those in *Pepper*. The Creditor in this case is not an insider of a debtor-corporation, and fraud has not been asserted. Furthermore, unlike *Pepper*, the Judgment is not "without lawful existence." *Id.* Although the Debtor summarily maintains, apparently for the first time on appeal, that the Judgment is "void," which, like the judgment in *Pepper*, would make it subject to collateral attack in the bankruptcy court, there is nothing in the record to support the Debtor's contention. It is unclear whether we should look to state or federal law to determine whether a judgment is "void." *See Wilke v. Win-*

raised in the state court. *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303; *Facio*, 929 F.2d at 543; *see Kiowa Indian Tribe*, 150 F.3d at 1169 (recognizing that "inextricably intertwined" analysis extends to issues not actually decided by the state court). In this case, the statute of limitations claim was squarely before the State Court and, therefore, a review of whether it was "inextricably intertwined" with the Judgment is not necessary.

6. In *Pepper*, the Court stated:
"[F]or many purposes 'courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.' *Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230, 93 A.L.R. 195.... Among the granted powers are the allowance and disallowance of claims; the collection and distribution of

the estates of bankrupts and the determination of controversies in relation thereto; [and] the rejection in whole or in part 'according to the equities of the case' of claims previously allowed..... In such respects the jurisdiction of the bankruptcy court is exclusive of all other courts."

. . . .

Hence, this Court has held that a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry.
308 U.S. at 304–306, 60 S.Ct. 238 (citations and footnotes omitted).

*ters (In re Winters)*, 586 F.2d 1363, 1365 (10th Cir.1978) (question of whether judgment is void is based on state law); *but see Laing*, 945 F.2d at 358 (applying both state and federal law in determining the validity of a state court judgment). Under both Oklahoma law and federal law, however, a judgment is "void" if the trial court lacked (1) jurisdiction over the person; (2) jurisdiction over the subject matter; (3) judicial power to render the particular judgment; or (4) if the judgment was procured by fraud. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482 & n. 23, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (judgment entered by court lacking personal jurisdiction over party is void); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (judgment entered by court without personal jurisdiction is void); *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946) (judgment is subject to collateral attack in the bankruptcy court only if the issuing court lacked jurisdiction or the judgment was procured by fraud) (relied on in *Laing*, 945 F.2d at 357); *Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 84 L.Ed. 370 (1940) (foreclosure judgment issued in contravention of automatic stay "was not merely erroneous but was beyond [the court's] power, void, and subject to collateral attack"), *quoted in Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir.1990), *cited in Franklin Sav. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020 (10th Cir.1994); *Chisholm v. Stephenson*, 363 P.2d 229, 233 (Okla.1961) (judgment may be vacated for fraud on the court); *Town of Watonga v. Crane Co.*, 189 Okla. 184, 114 P.2d 941, 942 (1941) (judgment may be void for lack of jurisdiction or judicial authority); *Restatement (Second) of Conflict of Laws* § 92 (1971); (judgment is void only if was entered by court lacking jurisdiction or judicial power to render the judgment); 18 James Wm. Moore, *Moore's Federal Practice* § 130.04[3] (3rd ed.1999) (discussing difference between "void" and "voidable" judgments) [hereinafter "*Moore's* "].

The record before us does not indicate that any of these grounds exist in this case. Rather, the Debtor simply argues that the Judgment is void because the State Court failed to apply a statute of limitations. Even if the State Court did err in its interpretation of the Oklahoma statute of limitations, the Judgment is not "void," but, at most, it is "voidable." *See Moore's* at § 130.04[4]. A "voidable" judgment is not invalid and may not be collaterally attacked. *See, e.g., Kolp v. State ex rel. Commissioners of the Land Office*, 312 P.2d 483, 485–86 (Okla.1957); *Coblentz v. Cochran*, 44 Okla. 158, 143 P. 658, 659 (1914) (per curiam); *Moore's* § 130.04[3] (voidable judgment is subject to direct, but not collateral attack); *see also Laing*, 945 F.2d at 357–58 (bankruptcy court erred in refusing to afford valid state court judgment preclusive effect because it was not procured by fraud). The Debtor's only avenue of review is by direct attack of the Judgment through the Oklahoma appeals process.

This case is more analogous to *Heiser*, 327 U.S. at 726, 66 S.Ct. 853, than to *Pepper*. In *Heiser*, the Court held that a bankruptcy court erred in disallowing a claim against a debtor based on a federal judgment because that judgment was *res judicata* in the bankruptcy claims litigation. *Accord Laing*, 945 F.2d at 357 (the bankruptcy court erred in refusing to give collateral estoppel effect to a valid state court judgment). In so holding, the Court distinguished *Pepper* as follows:

> Undoubtedly, since the bankruptcy act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party. But it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself.

*Heiser*, 327 U.S. at 736, 66 S.Ct. 853 (citations omitted); *see generally Laing*, 945

F.2d at 357–58 (defining a "judgment procured by fraud"). Similar to *Heiser*, the bankruptcy court may not reexamine the statute of limitations issue pressed by the Debtor because that issue was considered and rejected by the State Court when it rendered the Judgment. The bankruptcy court therefore correctly concluded that the Judgment, as a valid and enforceable judgment, was binding.

The Debtor makes much of the fact that his appeal of the Judgment in the state appellate court has been stayed. He alleges that this stay is the fault of the Creditor because the Creditor allegedly filed a Notice of Bankruptcy[7] with the appellate court. If the appeal of the Judgment is stayed as a result of § 362(a), the Debtor has a remedy pursuant to § 362(d).

## CONCLUSION

For the reasons set forth above, the bankruptcy court's Order and Judgment is hereby AFFIRMED.

---

7. This fact is not part of our record on appeal.