**In re THORSEN AND COMPANY, a Colorado Corporation, Brian James Thorsen and Bruce Norbert Thorsen, Debtors.**

**BAY 511 CORPORATION, Plaintiff,**

**v.**

**Brian James THORSEN and Bruce Norbert Thorsen, Defendants.**

**Bankruptcy Nos. 88 B 09198 E to 88 B 09200 E.**

**Adv. No. 88 C 1120.**

United States Bankruptcy Court, D. Colorado.

March 28, 1989.

---

Patricia K. Kelly, Duitch, Johnson & Ogawa, P.C., Colorado Springs, Colo., for defendants.

James C. Ruh, Jensen, Byrne, Parsons & Ruh, P.C., Denver, Colo., for plaintiff.

## ORDER

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the debtors' motion to dismiss the complaint filed by Bay 511 Corporation (Bay 511) to determine the dischargeability of debts owed to Bay 511 by the debtors, jointly and severally.

Bay 511 contends that the debt owed to it by debtors is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). The basis of its contention is that the debtors are judgment debtors under a judgment entered in an Arapahoe County District Court case. The district court found that the debtors as directors of a corporation fraudulently transferred assets while acting as trustees for the creditors. Bay 511 cites *Rosebud Corp. v. Boggio*, 39 Colo.App. 84, 561 P.2d 367 (1977) and *Crowley v. Green*, 148 Colo. 142, 365 P.2d 230 (1961), in support of its assertion that the debtors were trustees for their creditors because the corporation was insolvent.

The debtors assert that the complaint should be dismissed because the elements of Section 523(a)(4) have not been met. Specifically, they rely on *In re Anzman*, 73 B.R. 156 (Bankr.D.Colo.1986) in support of their contention that since there was no express or technical trust in place, Bay 511's claim under 523(a)(4) is deficient. Debtors further contend that the District Court did not make a finding that any fiduciary duty was owed to Bay 511 or that if such a duty was owed, that there was no defalcation of that duty.

The essential facts are as follows. Bay 511 had a three-year lease with Denver Condominium Rentals (DCR) of which debtors were directors. DCR was in the business of managing homeowners associations and rental pools at condominium projects. The lease with Bay 511 provided for one year free rent from April 1, 1985, through March 31, 1986. At the end of that year, the debtors paid the April 1986 rent and then without further payments being made, vacated the premises at the end of June, 1986.

On July 1, 1986, the debtors signed a consent to action in which it was stated that the Board determined that DCR could no longer pay all its expenses. At that time, DCR had two substantial creditors, Bay 511 and owners of units in Park Mayfair Condominiums which was owned by a related entity of the debtors. The Park Mayfair owners were given two options to be made whole, but no effort was made to pay Bay 511 on the lease.

Sometime after June of 1986, the debtors transferred the management of the homeowners associations and fees received from DCR to another related entity owned by debtors. There was no evidence of consideration for the transfer of that business opportunity and asset. Bay 511 has a judgment against the debtors for $40,324.15 based upon the debtors' common law director liability for transferring the property of DCR for their sole benefit.

This complaint is based upon Section 523(a)(4) which excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To deny debtors' motion to dismiss the complaint, the Court must find that the debtors were fiduciaries for the purposes of the section.

■ There are two prerequisites for a court to find a debtor was a fiduciary under Section 523(a)(4). One is that the relationship is the result of an express or technical trust which is not created in response to some wrongdoing. *E.g., In re Anzman,* 73 B.R. 156, 167 (Bankr.D.Colo.1986). The second is that the fiduciary relationship must be shown to exist prior to the creation of the debt in controversy. *In re Romero,* 535 F.2d 618, 621 (10th Cir.1976) (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934)).

■ The concept of fiduciary is to be narrowly defined as a matter of federal law, however, state law is to be consulted to determine when a trust exists under this section. *In re Stone,* 94 B.R. 298, 302 (S.D.N.Y.1988); *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986), The Court acknowledges that in some cases an express technical trust can be imposed by virtue of a state's common law. *Ragsdale, supra; In re Napoli,* 82 B.R. 378, 382 (Bankr.E.D.Pa.1988).

■ Under Colorado common law, a trust relationship is created between directors of an insolvent corporation and its creditors. As such the directors owe a duty to the creditors not to divest corporate property for their own benefit and thereby defeat a corporate creditor's claim. *Rosebud Corp.,* 561 P.2d at 372. The duty created is unambiguous and failure to comply results in personal liability for malfeasance. 3A W. Fletcher, *Cyclopedia of Corporations* Section 1185.

The district court found the actions of the debtors breached the common law fiduciary duty owed to Bay 511. This was not a fiduciary relationship created in response to some wrongdoing. The basis of Bay 511's claim and resulting judgment is that DCR was insolvent at the time that the debtors transferred DCR's business assets to other entities owned by the debtors.

The Court must determine if this common law trust relationship contains the typical attributes of a trust recognized under Section 523(a)(4). This is not an express trust involving a declaration of trust, a clearly defined trust and intent to create a trust relationship. *See, e.g., In re Anzman,* 73 B.R. at 166–67. This is a technical trust, not imposed by statute with express legislative intent to create a trust relationship, but rather it is imposed by common law. This relationship involves the duty to deal with the assets of the insolvent corporation for the advantage of the creditors and the corporation, not for the director's own benefit. *Crowley v. Green,* 365 P.2d at 232–33. Those attributes create a trust within the meaning of Section 523(a)(4).

The debtors cite *In re Anzman,* 73 B.R. 156, in support of their contention that they were not fiduciaries within the meaning of Section 523(a)(4). In that case, the creditor contended that the debtor/director acted contrary to Colorado Statutes by receiving money from the corporation during a liquidation. The Court was not able to find that a trust obligation was imposed by the

cited sections. The creditors did not base the argument on common law, but relied entirely on the creation of a statutory trust. In the case at hand, the debtors have a judgment against them based upon the breach of a trust imposed by the common law. Therefore, this case is distinguishable from *Anzman,* and the Court concludes that a fiduciary relationship did exist between the debtors and Bay 511.

The next consideration is whether the fiduciary relationship was shown to exist prior to the creation of the debt in controversy. The district court could not have found liability for the transfer of assets unless it occurred while the debtors were acting as fiduciaries, otherwise there would have been no grounds for this type of common law director liability. Therefore, the Court finds that it is evident from the judgment that the debt in controversy was created subsequent to the creation of the fiduciary relationship.

The Court need not address the other contentions of the debtors regarding defalcation of that duty. That issue and related concerns were not fully argued at the earlier proceeding and both sides shall have an opportunity to do so at the trial on dischargeability.

ORDERED that the debtors' motion to dismiss the Bay 511's complaint is denied.

FURTHER ORDERED that this proceeding shall be set for trial.