In re Michele Ann SCHWENN, a/k/a Michele Ann Bantle, Debtor.

Robert BEEBE, Plaintiff–Appellee,

v.

Michele Ann SCHWENN, a/k/a Michele Ann Bantle, Defendant–Appellant.

Civ. A. No. 90–B–1974.

United States District Court, D. Colorado.

April 22, 1991.

Andrew M. Rosen, Stone, Sheehy, Rosen & Byrne, P.C., Boulder, Colo., for plaintiff-appellee.

Douglas Jay Haynes, Longmont, Colo., for defendant-appellant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Appellant Michele Ann Schwenn (Schwenn) appeals from the bankruptcy court's judgment that her withholding of joint venture funds constituted a defalcation while acting in a fiduciary capacity making discharge unavailable under 11 U.S.C. § 523(a)(4). I affirm.

Schwenn and appellee Robert Beebe (Beebe) entered into a joint venture to purchase oil and gas leases for profit. One of the leases was in Schwenn's name only. When she began receiving royalties she paid part of them to Beebe, but eventually stopped. She then filed suit in Colorado state court to recover the royalties she had paid to Beebe. Beebe counterclaimed for the unpaid portion of the royalties. Judg-ment was entered for Beebe on Schwenn's complaint and his counterclaim.

Schwenn then filed for bankruptcy. Beebe objected to discharge of the judgment alleging defalcation while in a fiduciary capacity. See 11 U.S.C. § 523(a)(4). On cross motions for summary judgment, the bankruptcy court granted Beebe's motion, concluding that Colo.Rev.Stat. § 7–60–121 creates the fiduciary relationship contemplated by 11 U.S.C. § 523(a)(4) and that Schwenn's wrongful retention of Beebe's portion of the royalties constituted a defalcation while in a fiduciary capacity. The debt was thus held to be nondischargeable and judgment was entered in Beebe's favor for $21,538.08.

The sole question on appeal is whether the bankruptcy court was correct in its summary judgment determination that Schwenn was acting in a fiduciary capacity under section 523(a)(4). Because summary judgment involves a legal determination, I review de novo. See In re Posta, 866 F.2d 364, 366–67 (10th Cir.1989).

Section 523(a)(4) exempts from discharge debts arising out of "defalcation while in a fiduciary capacity." The definition of "fiduciary capacity" is a matter of federal law. Davis v. Aetna Acceptance Co., 293 U.S. 328, 333, 55 S.Ct. 151, 153–54, 79 L.Ed. 393 (1934). This section applies only to "technical trusts" which existed before creation of the debt in controversy. Id. at 333, 55 S.Ct. at 153–54; In re Romero, 535 F.2d 618, 621 (10th Cir.1976).

Some courts hold that section 523(a)(4) applies only to express trusts. See, e.g., In re Holmes, 117 B.R. 848, 852–53 (Bankr.D.Md.1990). However, Romero holds that a state statute imposed a trust within the meaning of section 523(a)(4)'s predecessor. 535 F.2d at 621–22. Thus, in the Tenth Circuit "fiduciary capacity" under section 523(a)(4) means something more than an express trustee.

The "technical trust" contemplated by section 523(a)(4) is one "imposed by law, rather than one implied by law." Romero, 535 F.2d at 622. Thus, a fiduciary under section 523(a)(4) includes not only an ex-

press trustee but also one who is made a trustee by law based on the parties' relationship. The debtor must serve as a trustee before the creation of the debt in controversy and without reference to it. *Id.* at 621.

Here, I look to Colorado law to determine whether Schwenn was such a trustee. *See In re Black*, 787 F.2d 503, 506 (10th Cir.1986). In Colorado, the relationship among joint venturers is the same as that among partners. *See Hooper v. Yoder*, 737 P.2d 852, 857–58 n. 4 (Colo.1987). Accordingly, I apply Colorado partnership law to resolve this question.

The bankruptcy court held that Colo.Rev.Stat. § 7–60–121, a section of Colorado's version of the Uniform Partnership Act (UPA), creates an express trust under 11 U.S.C. § 523(a)(4). Section 7–60–121(1) reads in pertinent part "[e]very partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the … partnership…."

This statute imposed no trust relationship until Schwenn "derived" partnership profits without Beebe's "consent." This is "the sort of trust *ex maleficio* not included within the purview of § 523(a)(4)." *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986); *accord In re Stone*, 94 B.R. 298, 302–03 (S.D.N.Y.1988), *aff'd mem.*, 880 F.2d 1318 (2d Cir.1989); *In re Winden*, 120 B.R. 570, 574 (Bankr.D.Colo.1990). *But see In re Kraus*, 37 B.R. 126 (Bankr.E.D.Mich. 1984). Accordingly, I conclude that the bankruptcy court misapplied Colo.Rev.Stat. § 7–60–121.

Beebe argues that even if this statute did not create a trust relationship under section 523(a)(4), one existed under Colorado common law. I agree.

Under Colo.Rev.Stat. § 7–60–105, I may look to other sources of law in cases not covered by Colorado's version of the UPA. The UPA covers instances where a partner derives profits without the consent of the other partner but the UPA does not address whether a partner holds the assets or profits of the partnership in trust from the outset of the partnership. Consequently, I look here to Colorado common law for the answer. *Ragsdale*, 780 F.2d at 796; *In re Thorsen and Co.*, 98 B.R. 527, 529 (Bankr. D.Colo.1989).

In *Hooper v. Yoder*, 737 P.2d 852 (Colo. 1987), the court stated that "[p]artners in a business enterprise owe to one another the highest duty of loyalty; they stand in a relationship of trust and confidence to each other and are bound by standards of good conduct and square dealing." *Id.* at 857 (citing *Lindsay v. Marcus*, 137 Colo. 336, 325 P.2d 267, 270–71 (1958) and *Kincaid v. Miller*, 129 Colo. 552, 272 P.2d 276, 281 (1954)).

If, in stating that partners stand in a relationship of trust and confidence, the court was referring to "trust" in its generic sense, then the requirements of section 523(a)(4) are not met. On the other hand, if the court was referring to "trust" in its technical or legal sense so that a partner holds partnership assets in trust for the other partner, then the requirements of section 523(a)(4) are met.

In both *Lindsay* and *Kincaid*, the Colorado Supreme Court stated that "where title to property acquired in connection with a joint adventure is in the name of one of the parties, he holds it in trust for his associates. Joint adventurers stand in a close relationship of trust and confidence…." *Lindsay*, 325 P.2d at 271; *Kincaid* 272 P.2d at 281. In the first sentence, "holds in trust" clearly means trust in its technical, legal sense. "Trust" as used in the next sentence must then have the same meaning.

I conclude that Colorado common law imposes on partners a technical trust relationship and that a partner holds in trust profits acquired in the course of the partnership. Thus, Schwenn's misappropriation of joint venture profits was a defalcation while acting in a fiduciary capacity under section 523(a)(4). *In re Tsamasfyros*, 114 B.R. 721, 725 (D.Colo.1990); *In re Winden*, 120 B.R. at 574–75.

Accordingly, the judgment of the bankruptcy court is AFFIRMED.