In re Dennis Edward SCHMANKE
SS# 520–72–7048, Debtor.

Donald W. Gould, Plaintiff,

v.

Dennis Edward Schmanke, Defendant.

Bankruptcy No. 00–17539–SBB.
Adversary No. 00–1449–SBB.

United States Bankruptcy Court,
D. Colorado.

June 1, 2001.

Dennis Edward Schmanke, Denver, CO, pro se.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion for Summary Judgment,

filed by Dennis Schmanke ("Defendant") on April 27, 2001. The Court, having reviewed the Motion for Summary Judgment, the exhibits thereto, the file and being advised in the premises, enters the following findings of fact, conclusions of law and order.[1]

For the reasons set forth herein, this Court concludes that the Defendant's Motion for Summary Judgment will be DENIED as it relates to the plaintiff Donald W. Gould's ("Plaintiff") objection to the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2).

The Court will GRANT Defendant's Motion for Summary Judgment as it pertains to the issue of "defalcation while acting in a fiduciary capacity" under 11 U.S.C. § 523(a)(4). The Court will also GRANT the Defendant's Motion for Summary Judgment with respect to the issue of the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) for "fraud" . . . "embezzlement, or larceny."

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is to be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr.P. 7056 which applies Fed. R.Civ.P. 56. A party seeking summary judgment bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the pleadings, depositions, interrogatories

and admissions on file together with affidavits, if any, that he believes demonstrate the absence of genuine issues for trial. *Thalos v. Dillon Companies, Inc.,* 86 F.Supp.2d 1079, 1082 (D.Colo.2000). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The opposing party(ies) may not rest merely on the allegations contained in the answers, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Thalos,* 86 F.Supp.2d at 1082.

This Court will review the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party—here Plaintiff. *Koch v. Koch Industries,* 203 F.3d 1202, 1212 (10th Cir. 2000). In addition, because the motion is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court sets out in the discussion herein (a) what material facts exist without substantial controversy and (b) what material facts are actually and in good faith controverted. Fed.R.Civ.P. 56(d).

For the reasons set forth below, the Court finds that there are no material facts which remain for trial regarding Plaintiff's request for determination of nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) for (a) "fraud" . . . "embezzlement, or larceny" and (b) "defalcation while acting in a fiduciary capacity." Therefore, with respect to Defendant's Motion for Summary Judgment seeking dismissal of Plaintiff's claims under 11 U.S.C. § 523(a)(4), this Court finds that

---

1. The Court notes that no Response to the Motion for Summary Judgment was filed by the Plaintiff in this matter. On May 10, 2001, Plaintiff filed a Motion for Extension of Time to file a Response. The Court granted this Motion on May 15, 2001 and permitted the Plaintiff to file a Response on or before May 21, 2001. On May 21, 2001, this Court received the Plaintiff's Second Motion for Extension of Time to file a Response to the Motion. The Court denied the Plaintiff's Second Motion for Extension of Time on May 23, 2001.

Defendant is entitled to a judgment as a matter of law dismissing these claims. There are, however, material facts and issues of law which remain controverted related to the Plaintiff's objection to the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2).

## II. ISSUES BEFORE THE COURT

There are three issues before this Court on the Defendant's Motion for Summary Judgment.

The first issue is whether the discharge of Defendant should be denied pursuant to 11 U.S.C. § 727(a)(2) for his alleged failure to disclose certain personal property and for understating his income. The question under 11 U.S.C. § 727(a)(2) is whether (a) the debtor transferred, removed, concealed, destroyed, or mutilated, (b) property of the estate, (c) within one year prior to the bankruptcy filing or after the filing of the petition, (d) with the intent to hinder, delay, or defraud a creditor. 11 U.S.C. § 727(a)(2)(A) and (B); *See also, e.g., Gillickson v. Brown (In re Brown)*, 108 F.3d 1290, 1293 (10th Cir.1997).

As discussed in greater detail below, the Court does not believe that Defendant has met his burden of informing the court of the basis for his motion and identifying those portions of the pleadings, depositions, interrogatories and admissions on file together with affidavits, if any, that he believes demonstrate the absence of genuine issues for trial. *See, Thalos*, 86 F.Supp.2d at 1082.

The second issue is whether there was a defalcation by the Defendant while acting in a fiduciary capacity so as to except Defendant's debt to Plaintiff from discharge. Plaintiff asks this Court to determine that (a) there was a "de facto partnership" between the Plaintiff and Defendant and (b) this "de facto partnership" created a fiduciary relationship between the parties. The Plaintiff asserts that the judgment entered in the District Court of Adams County should be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(4) because the judgment arose from Defendant's alleged defalcation while Defendant was acting in a fiduciary capacity imposed by virtue of the "de facto partnership."

The Court finds that, in order to find a fiduciary relationship under 11 U.S.C. § 523(a)(4), the contested debt must have been entrusted to the Defendant as either an express or technical trust. The undisputed facts before this Court coupled with the oral ruling and the written judgment from the District Court of Adams County demonstrate that there was no express or technical trust so as to make the debt owed to Plaintiff nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

The third and final issue for this Court to determine is whether the debt owed to Plaintiff by the Defendant should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) due to "fraud" . . . "embezzlement, or larceny" on the part of the Defendant. Plaintiff alleges in his Complaint that, with regard to the business of D & D Automotive, Defendant's conduct was wrongful and intentional and was "tantamount to theft of the [Plaintiff's] property . . . [and Plaintiff] was effectively ousted from the business." The Plaintiff further avers that "[s]uch conduct on the part of the Debtor was attended by fraud, malice, and willful and wanton conduct, heedlessly and recklessly committed, without regard to the consequences or the rights of [Plaintiff]." The Defendant in his Motion for Summary Judgment contends that this issue was already ruled on by the Adams County District Court for the State of Colorado and that the judgment entered therein precludes relitigation of this issue under the principle of collateral estoppel.

Based upon the Adams County District Court's written judgment and oral ruling, this Court finds that collateral estoppel applies to the judgment and this Court will rule in favor of the Defendant under this element of his Motion for Summary Judgment.

### III. UNDISPUTED FACTS

Based upon the allegations made in the Complaint filed by Donald W. Gould ("Plaintiff"), the Answer filed herein by Defendants, together with the pending Motion for Summary Judgment filed by the Defendant, it does not appear that there are any genuine issues as to the following material facts.

#### A. *Events Prior to Defendant's Bankruptcy*

On June 1, 1998, Plaintiff and Defendant entered into an oral agreement to commence a motor vehicle repair business known as D & D Automotive. The Plaintiff and Defendant agreed to work together as equals in the business. Both the Plaintiff and Defendant signed the lease to the business premises and they were both signatories to and authorized to draw on the bank checking account of D & D Automotive.

Due to the deterioration of their business relationship, the parties terminated the relationship in November of 1998. A lawsuit thereafter was brought in the Adams County District Court for the State of Colorado in a case styled: *Donald W. Gould v. Dennis Schmanke*, Case No. 99CV114. A judgment was entered on February 18, 2000 in favor of the Plaintiff and against the Defendant in the total principal sum of $11,704.46 ("County Judgment"). The Court in entering the County Judgment specifically made a finding that the acts of neither party were attended by willful and wanton conduct. Further, the Court, in its oral ruling held that:

> I'm finding it's a breech [sic] of contract, it's not a conversion or intentional tort, I think it's a breech [sic] of partnership agreement. I'm finding it's essentially a breech [sic] of contract so I'm not finding that it was an intentional tort. I'm finding it was a breech [sic] of a partnership agreement. I don't think that conversion rises—the converting of the assets rises to the level of an intentional and willful conduct, okay.

The County Judgment was not appealed.

#### B. *Events in this Bankruptcy Case*

On June 28, 2000, the Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code. A meeting of creditors was held on July 28, 2000. On July 31, 2000, the Chapter 7 Trustee filed his Report of No Assets.

On September 26, 2000, the Plaintiff filed his Complaint seeking (a) denial of discharge pursuant to 11 U.S.C. § 727(a)(2) and (b) determination that the debt owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

In particular, the Plaintiff's Complaint seeks a denial of the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2) for two reasons. First, Plaintiff asserts that the Defendant owns and possesses certain personal property, including, but not limited to motor vehicle(s), which were omitted from the Debtor's Schedule B. Second, Plaintiff contends that the Defendant has understated his "current income."

Plaintiff also asserts that the debt owed to him by the Defendant should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). Plaintiff alleges that Defendant committed acts of (1) "fraud

and defalcation while Defendant was acting in a fiduciary capacity", (2) "embezzlement", and (3) "larceny".

Defendant filed his Answer on October 25, 2000. Defendant's Answer raised the affirmative defense that the County Judgment and its findings "are res judicata or collateral estoppel on the question of whether Defendant committed any intentional wrongdoing."

## IV. MATERIAL FACTS WHICH REMAIN FOR TRIAL—FACTS WHICH RELATE TO PLAINTIFF'S CLAIM FOR RELIEF PURSUANT TO 11 U.S.C. § 727(a)(2)

■ There are material facts which remain in dispute and which must be tried related to the Plaintiff's requested relief under 11 U.S.C. § 727(a)(2). Because there remain genuine issues as to material facts surrounding the requested relief under 11 U.S.C. § 727(a)(2), this Court cannot determine, at this time, whether Defendant is entitled to judgment as a matter of law.

The Defendant, in his Motion for Summary Judgment, only addresses the ownership status of a 1985 Harley–Davidson motorcycle. The uncontroverted evidence before this Court is that this vehicle is not his property.[2] The Motion for Summary Judgment does not deal with any other alleged additional property which may, or may not, have been omitted from the schedules. *If, indeed, the motorcycle is the only item of property that was omitted from the schedules, this Court would find that, based upon (a) the affidavit of Defendant and (b) the letter from the Clerk and*

*Record of Boulder County, Colorado, this 1985 Harley–Davidson motorcycle is not property of the estate. Moreover, this Court would find that this motorcycle was not "transferred, removed, destroyed, mutilated, or concealed" by the Debtor in the one year before the date of the filing of his case (11 U.S.C. § 727(a)(2)(A)) or after the date of the filing of his petition (11 U.S.C. § 727(a)(2)(B)).*

Nevertheless, the Complaint alleges that there may be *other* property which is not listed in the Defendant's Schedule B. The Summary Judgment Motion does not address possible other items of property and, therefore, it would appear that there are (or may be) genuine issues as to material facts that remain in dispute. That is: whether the Defendant owns or has an interest in personal property which is omitted from Debtor's Schedule B.

The Plaintiff also asserts that Defendant has understated his "current income." The Motion for Summary Judgment suggests that "we will have to wait and see what admissible evidence Plaintiff can muster [related to the alleged understatement of income]." Again, with regard to the alleged nondisclosure of income, there is a genuine issue as to a material fact. That is: what was Debtor's actual income at the time of filing bankruptcy?

## V. THERE WAS NOT AN EXPRESS OR TECHNICAL FIDUCIARY RELATIONSHIP SO AS TO EXCEPT PLAINTIFF'S DEBT FROM DISCHARGE UNDER 11 U.S.C. § 523(a)(4)

■ As required by § 523(a)(4), the creditor must show the following:

---

**2.** The unrefuted affidavit of Dennis Scmanke attached to the Defendant's Motion for Summary Judgment states that, although the 1985 Harley–Davidson motorcycle is stored in the Defendant's garage, it belongs to a Mark Peterson. Moreover, a letter from the Clerk and Recorder's Office in Boulder County, also attached to the Motion for Summary Judgment, indicates that this motorcycle is owned by Mr. Peterson.

(1) the existence of a fiduciary relationship between the debtor and the objecting party, and (2) a defalcation committed by the debtor in the course of that fiduciary relationship.

*Antlers Roof–Truss & Builders Supply v. Storie (In re Storie),* 216 B.R. 283, 286 (10th Cir. BAP 1997) (citation omitted).

■ The existence of a fiduciary relationship is a threshold issue. *Id.* The Tenth Circuit has narrowly construed the phrase "fiduciary capacity." *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1371–72 (10th Cir.1996). A fiduciary relationship will exist only where there is an *express or technical* trust. *Id.* at 1372. Although the question of fiduciary status is one of federal law, state law is important when determining whether a trust relationship exists. *Id.*

■ Once a fiduciary relationship. is established, the Court then goes on to determine whether a defalcation has been committed in the course of the relationship. Under this second part of the § 523(a)(4) test, a fiduciary-debtor commits a·defalcation when he or she fails to account for any entrusted funds "due to any ·breach of a fiduciary duty, *whether intentional, wilful, reckless, or negligent.*" *Storie,* 216 B.R. at 288 (emphasis added). The fiduciary-debtor is charged with knowledge of the law and its duties. *Id.* Once the creditor establishes that the debtor is a fiduciary and that its debt has arisen because the fiduciary-debtor has not paid it the entrusted funds, the burden shifts to the fiduciary-debtor to render an

accounting to show that it complied with its fiduciary duties. *Id.*

■ This Court's analysis need not look beyond the threshold issue of whether there exists a fiduciary relationship by and between the Plaintiff and Defendant. The uncontroverted evidence before this Court is that there was—at best—an oral arrangement between the Plaintiff and the Defendant in the running of D & D Automotive. There is no express or technical trust by and between the Plaintiff and the Defendant and, as a result, there can be no fiduciary capacity so as to fit within the meaning of 11 U.S.C. § 523(a)(4). *See Id.; see also Fowler Bros. v. Young (In re Young),* 91 F.3d 1367 (10th Cir.1996); *Merrill v. Merrill (In re Merrill),* 252 B.R. 497 (10th Cir. BAP 2000); *Smolen v. Hatley (In re Hatley),* 227 B.R. 757 (10th Cir. BAP 1998), *aff'd* 194 F.3d 1320, 1999 WL 728066 (10th Cir.1999)(Table), and *Holaday v. Seay (In re Seay),* 215 B.R. 780 (10th Cir. BAP 1997).[3]

## VI. PLAINTIFF'S CLAIM FOR RELIEF PURSUANT TO 11 U.S.C. § 523(a)(4) FOR "FRAUD" ... "EMBEZZLEMENT, OR LARCENY" IS BARRED BY COLLATERAL ESTOPPEL

■ The Defendant asserts that collateral estoppel bars relitigation of the claim of Plaintiff. Although a bankruptcy court in a dischargeability action under section 523(a) ultimately determines whether or not a debt is dischargeable, the doctrine of collateral estoppel may be invoked to bar relitigation of factual issues

---

**3.** The Court would note, however, that in prior decisions before the United States Bankruptcy Court for the District of Colorado, the Court has previously held that the general fiduciary duties of partners, joint venturers and corporate officers are sufficient to establish a fiduciary capacity for the purposes of 11 U.S.C. § 523(a)(4). *In re Woods,* 175 B.R. 78, 83–84 (Bankr.D.Colo.1994); *In re Schwenn,* 126 B.R. 351 (D.Colo.1991); *In re Schwenn,* 126 B.R. 351 (D.Colo.1991). These decisions have been effectively abrogated by the more recent Tenth Circuit decisions as recognized in the decision of *Holaday v. Seay (In re Seay),* 215 B.R. 780, 786 n. 6 (10th Cir. BAP 1997).

underlying the determination of dischargeability. *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 764 (10th Cir.1988).

Collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if (1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment.

*Id.* at 765.

■ In this case, the issues sought to be precluded are issues that were resolved in the District Court. Specifically, the issues of fraud, embezzlement, or larceny were (1) the same issues involved in the prior state action, (2) actually litigated and (3) the District Court of Adams County's determination of the issues was necessary to the resulting final and valid judgment. The District Court of Adams County specifically held in its oral ruling that the actions of the Defendant were not a conversion or intentional tort. Moreover, this Court would find that the District Court of Adams County's ruling directly and by implication determined that fraud, embez-

zlement and/or larceny were not present under the facts of this case.

In paragraph 6 of Plaintiff's Complaint he alleges that the "Debtor's wrongful and intentional conduct was tantamount to theft of Creditors' Property..." This allegation of "theft" is simply not supported by the County Judgment. The Colorado statutory definition of "theft" encompasses both larceny and embezzlement.[4] Moreover, the allegation in paragraph 5 of the Plaintiff's Complaint is a bit curious as it is alleged that the conduct "on the part of the Debtor was attended by fraud, malice, and willful and wanton conduct, heedlessly and recklessly committed, without regard to consequences or the rights of Creditors. Section 13–21–102, C.R.S." However, the County Judgment and the District Court of Adams County's oral ruling specifically denied relief under this statute. The findings of the District Court of Adams County do not suggest that Defendant misappropriated funds, so as to constitute "theft." Most importantly, the District Court of Adams County specifically found that there was no conversion or intentional tort, but that the only valid and provable claim before the Court was a claim for breach of contract. *See, e.g., Tague &*

---

4. COLO. REV. STAT 18–4–403 provides:

If any law of this state refers to or mentions larceny, stealing, embezzlement (except embezzlement of public moneys), false pretenses, confidence games, or shoplifting, that law shall be interpreted as if the word "theft" were substituted therefor; and in the enactment of sections 18–4–401 to 18–4–403 it is the intent of the general assembly to define one crime of theft and to incorporate therein such crimes, thereby removing distinctions and technicalities which previously existed in the pleading and proof of such crimes.

"Theft" is defined as follows:

A person commits theft when he knowingly obtains or exercises control over anything of value of another without au-

thorization, or by threat or deception and:

(a) Intends to deprive other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such matter as to deprive the other person permanently of its use and benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

COLO. REV. STAT. 18–4–401.

*Beem v. Tague (In re Tague),* 137 B.R. 495, 500 (Bankr.D.Colo.1991) (nothing on the face of state court orders evidenced that the defendant misappropriated funds consistent with the definition of "theft" under the state statute nor was such allegation of "theft" in plaintiff's complaint sufficient to satisfy the larceny or embezzlement definitions in the common law so as to make the claim nondischargeable under 11 U.S.C. § 524(a)(4)).

## VII. THE PLAINTIFF'S CLAIM FOR RELIEF SEEKING DETERMINATION OF NONDISCHARGEABILITY OF DEBT FOR "FRAUD" ... "EMBEZZLEMENT, OR LARCENY" PURSUANT TO 11 U.S.C. § 523(a)(4) IS BARRED BY THE ROOKER–FELDMAN DOCTRINE

 The Court would also find that the Plaintiff's claim for relief seeking a determination of nondischargeability of debt for "fraud" ... "embezzlement, or larceny" pursuant to 11 U.S.C. § 523(a)(4) is barred by the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine was established under two cases: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

> The *Rooker–Feldman* doctrine provides that "a party losing in state court is barred form seeking what in substance would be appellate review of the state judgment in a United States [trial] court." (citations omitted). Jurisdiction to review valid state court judgments thus lies exclusively with the superior state courts and, ultimately, the Supreme Court. (citations omitted).

*In re Abboud,* 237 B.R. 777, 780 (10th Cir. BAP 1999).

Plaintiff, in paragraph five of his Complaint before this Court, states that the facts, circumstances and transactions as set forth in the Adams County case also give rise to his cause of action under 11 U.S.C. § 523(a)(4). Moreover, Plaintiff states in paragraph 6 of his Complaint:

> As a result of Debtor's wrongful and intentional conduct, which conduct was tantamount to theft of Creditor's property ... Creditor was effectively ousted from his business. Such conduct on the part of Debtor was attended by fraud, malice, and willful and wanton conduct, heedlessly and recklessly committed, without regard to consequences or the rights of the Creditor. Section 13–21–102.

This allegation is contrary to the ruling of the District Court of Adams County. In fact, from the evidence before the Court, it appears that this issue was considered and expressly rejected by the District Court of Adams County. The transcript of the oral ruling of the Honorable John E. Popovich, Jr., Judge of the District Court of Adams County, is clear—the County Judgment is based upon a breach of contract, not conversion or intentional tort. This Court, under the *Rooker–Feldman* doctrine, shall not reexamine this issue as it was considered and rejected by the District Court of Adams County when it rendered its judgment. *See Abboud,* 237 B.R. at 780. In essence, Plaintiff herein is seeking an appellate review of the judgment entered by the District Court of Adams County. This Court does not have jurisdiction as an appellate court in this matter.

## VIII. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. Defendant's Motion for Summary Judgment is DENIED as it relates to the Plaintiff's Complaint objecting to the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2).

2. Defendant's Motion for Summary Judgment is GRANTED as it pertains to the issue of "defalcation while acting in a fiduciary capacity" under 11 U.S.C. § 523(a)(4) and, therefore, this portion of the Plaintiff's Complaint is DISMISSED.

3. Defendant's Motion for Summary Judgment is also GRANTED with respect to the Plaintiff's request for determination of nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) for "fraud" ... "embezzlement, or larceny" and, therefore, this portion of the Plaintiff's Complaint is DISMISSED.

IT IS FURTHER ORDERED that the 1/2–day trial, commencing on **Tuesday, June 5, 2001,** at **1:30 p.m.,** in Courtroom **E,** U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, Denver, Colorado 80202–2508 will be conducted as scheduled on the Plaintiff's Complaint related to the objection to Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A).