In re **BROADBAND WIRELESS INTERNATIONAL CORPORATION, doing business as Black Giant Oil Company, Debtor.**

**Curtis H. Wilson, Sr., Appellant,**

v.

**Broadband Wireless International Corporation, Appellee.**

**BAP No. WO–03–014.**
**Bankruptcy No. 01–23160–BH.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 26, 2003.

Submitted on the briefs: *

George M. Emerson of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Oklahoma City, Oklahoma, for Appellant.

William R. Higgins of Carle & Higgins, P.C., Claremore, Oklahoma, for Appellee.

Before CLARK, NUGENT, and THURMAN, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

Curtis H. Wilson, Sr. ("Wilson") appeals an "Order on Objection to Claim No. 77" of the United States Bankruptcy Court for the Western District of Oklahoma, partially disallowing his proof of claim against the Chapter 11 debtor. For the reasons stated herein, the bankruptcy court is AFFIRMED.

## I. *Background*

The debtor is a corporation whose stock is or was publicly traded. The principal of the debtor, Don Knight ("Knight"), was also the principal or owner of numerous other entities ("Related Entities"), including Medscan Technologies, Inc. ("Medscan").

The Securities and Exchange Commission commenced an action against the debtor and the Related Entities in the United States District Court for the Western District of Oklahoma. Attorney Peter

Bradford ("Bradford") was appointed by the district court as a receiver for the debtor and the Related Entities.[1] Knight was convicted of securities fraud.

On December 28, 2001, the debtor filed its Chapter 11 petition. The appellate record does not contain the debtor's schedules, and therefore, it is unknown whether the debtor listed Wilson as a creditor. Regardless, Wilson timely-filed a proof of claim against the debtor, asserting an unsecured priority claim in the amount of $380,169.79 ("POC"). The debtor objected to Wilson's POC.[2] Wilson responded, and the debtor filed a supplemental objection to the POC. The debtor maintained that the POC did not assert a claim against the debtor, and that any allowed claim was not entitled to priority status. Wilson ultimately conceded that his claim was not a priority claim, but rather a general unsecured claim.

A hearing was held on the debtor's objection, and evidence was presented on the issue of whether Wilson had a claim against the debtor. Bradford testified on behalf of the debtor that the debtor did not owe a debt to Wilson. Rather, according to Bradford, the debts were owed by Knight, Medscan, or the Related Entities.

Wilson testified that the debtor, Medscan, and the Related Entities were separate corporate entities. He maintained

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. Bradford commenced an action against Wilson on behalf of the debtor to collect on a Promissory Note that Wilson had executed in favor of the debtor. He obtained a Stipulated Judgment against Wilson, pursuant to which

Wilson promised to pay the debtor $100,000. Shortly after the Stipulated Judgment was entered against him, Wilson paid the debtor $50,000, but he did not pay the remaining $50,000.

2. The bankruptcy court entered an order confirming a Chapter 11 plan in the debtor's case. The confirmed plan reserves the bankruptcy court's jurisdiction to resolve claim disputes, such as the debtor's objection to Wilson's POC.

that the monies that he loaned to Knight, Medscan, or to the Related Entities were intended to benefit the debtor, or were used to establish Medscan, which became the debtor. Wilson failed to establish that Medscan was the debtor's predecessor in interest, or that the debtor had assumed any of the debts incurred by the nondebtor parties. He introduced numerous documents, including checks endorsed to non-debtor persons and entities, and a letter of agreement memorializing his employment by Medscan.

Pat Eden, an independent computer consultant, testified that he was employed by the debtor and/or Medscan. Eden's invoices to the debtor were introduced into evidence. Eden testified that when the debtor did not pay the invoices, Wilson paid them on the debtor's behalf.

At the close of evidence, the bankruptcy court entered its findings of fact and conclusions of law on the record. The bankruptcy court overruled the debtor's objection in part, allowing Wilson a general unsecured claim in the amount of $4,850– this being the sum Pat Eden testified that Wilson paid him on behalf of the debtor ("Claim Allowance Order"). But, the court sustained a majority of the debtor's objection, disallowing the remaining portion of the POC on the grounds that it was not a claim enforceable against the debtor ("Claim Disallowance Order"). The bankruptcy court later entered its "Order on Objection to Claim No. 77," memorializing its bench ruling.

Wilson timely appealed the bankruptcy court's final Claim Disallowance Order to this Court.[3] The parties have consented to this Court's jurisdiction and, therefore, we have jurisdiction over this appeal.[4]

■ After Wilson appealed the Claim Disallowance Order, he filed a bankruptcy petition in Florida. This Court is not stayed under 11 U.S.C. § 362(a)[5] from entering an Order and Judgment in the present appeal because the appeal was commenced by Wilson.[6] Thus, for the reasons stated below, we hereby affirm the Claim Disallowance Order.

## II. *Discussion*

■ Wilson asserts that the bankruptcy court erred in entering the Claim Disallowance Order, disallowing a majority of the claim set forth in his POC. We review the bankruptcy court's legal determinations *de novo*, giving them no form of appellate deference.[7] The bankruptcy court's factual findings are subject to a

3. *See* 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a).

4. *See* 28 U.S.C. § 158(b)-(c). The debtor has not cross appealed the Claim Allowance Order and, in fact, has made no argument that the bankruptcy court erred in entering that Order. Accordingly, the Claim Allowance Order is not subject to this Court's appellate jurisdiction, and is not reviewed herein.

5. All future statutory references are to title 11 of the United States Code.

6. *See, e.g., Chaussee v. Lyngholm (In re Lyngholm),* 24 F.3d 89, 91–93 (10th Cir.1994), *recognized in Roberts v.Commissioner of Internal Revenue,* 175 F.3d 889, 894 n. 4 (11th Cir.1999). In *Roberts,* the Eleventh Circuit acknowledged that there a "disagreement among the circuits" as to whether an appeal is stayed when an appellant files a bankruptcy petition. *Id.* It refused to decide the issue, but it recognized *Lyngholm* as representative of the Tenth Circuit's view that such an appeal is not stayed. We have no reason to believe that the Eleventh Circuit would disagree with the Tenth Circuit. In light of the law that controls this Court, we conclude that we are not stayed from entering an Order and Judgment in this case.

7. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

clearly erroneous standard of review. "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made."[8]

Procedures related to the filing, effect and allowance of proofs of claim are governed by numerous provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Section 501(a) provides that a creditor "may file a proof of claim" in a debtor's case.[9] In a Chapter 11 case, a proof of claim "is deemed filed under section 501 of this title for any claim or interest that appears in the [debtor's'] schedules ..., except a claim or interest that is scheduled as disputed, contingent, or unliquidated."[10] The debtor's schedule of liabilities "shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated."[11] Although any creditor may file a proof of claim in a Chapter 11 case, only creditors whose claims are "not scheduled or scheduled as disputed, contingent, or unliquidated" are required to file a proof of claim, and any such "creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."[12]

All proofs of claim must conform substantially to Official Form 10, and must be executed by the creditor or the creditor's authorized agent.[13] In the event that a claim "is based on a writing, the original or a duplicate shall be filed with the proof of claim."[14] "A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim."[15] A creditor's proof of claim supersedes a Chapter 11 debtor's scheduling of the claim, and the prima facie effect of the listing of the claim in the debtor's schedules.[16]

Section 502(a) provides that a claim "proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."[17] Section 502(b) states that if a claim objection is made:

> the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the [debtor's] petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law....[18]

---

8. *Manning v. United States*, 146 F.3d 808, 812 (10th Cir.1998) (quotation omitted); *accord Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *see* Fed. R. Bankr.P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.")

9. 11 U.S.C. § 501(a).

10. *Id.* at § 1111(a).

11. Fed. R. Bankr.P. 3003(b)(1).

12. *Id.* at 3003(c)(2); *see id.* at 3003(c)(1).

13. *Id.* at 3001(a)-(b).

14. *Id.* at 3001(c).

15. *Id.* at 3001(f).

16. *Id.* at 3003(c)(4).

17. 11 U.S.C. § 502(a).

18. *Id.* at § 502(b); *see* Fed. R. Bankr.P. 3007 (procedures related to objections to a proof of claim).

Based on these provisions, we conclude that the bankruptcy court did not err in entering the Claim Disallowance Order.

■■■ Wilson timely-filed the POC and, therefore, it superceded any listing that the Chapter 11 debtor may have made of a debt to Wilson in its schedules. Because the debtor objected to the POC, it was not deemed allowed pursuant to § 502(a). Rather, the objection triggered § 502(b), mandating the bankruptcy court to "determine the amount of such claim ... and [to] allow such claim," unless the claim, or a portion thereof, was not allowable under the subsections listed therein. In making its determination under § 502(b), the court was required to treat the POC as prima facie evidence of the validity and amount of the claim, *provided* that it was "executed and filed in accordance with" the Bankruptcy Rules, and presumably the Bankruptcy Code.[19] If the POC was prima facie evidence of Wilson's claim, the bankruptcy court was required to apply the following well-established burdens of proof:

> The objecting party has the burden of going forward with evidence supporting the objection. *See Abboud v. Abboud (In re Abboud),* 232 B.R. 793, 796 (Bankr.N.D.Okla.), *aff'd,* 237 B.R. 777 (10th Cir. BAP 1999). Such evidence must be of probative force equal to that of the allegations contained in the proof of claim. *See id.* However, an objec-

tion raising only legal issues is sufficient. *See In re Lenz,* 110 B.R. 523, 525 (D.Colo.1990). Once the objecting party has reached this threshold, the creditor [claimant] has the ultimate burden of persuasion as to the validity and amount of the claim. *See In re Harrison,* 987 F.2d 677, 680 (10th Cir.1993).[20]

Note, however, that if the POC were executed or filed improperly it was *not* prima facie evidence of Wilson's claim, and *Wilson* would have the initial burden of proving that a claim exists and the amount of that claim.[21] His failure to do so would require the disallowance of his claim. Proof of a claim, on the other hand, would shift the burden to the debtor, as the objecting party, to attack the validity of that claim either based on the law or evidence. The debtor's failure to meet its burden would result in the allowance of Wilson's claim. But, if the debtor met its burden, Wilson would have the ultimate burden to prove the validity and amount of his claim.

■■■ Applying this law, the bankruptcy court did not err in entering the Claim Disallowance Order. Wilson's POC is not prima facie evidence of the validity and amount of his claim, and other than the portion of the claim allowed in the Claim Allowance Order, Wilson failed to meet his initial burden of establishing a claim against the debtor.[22] Accordingly, the

---

19. Fed. R. Bankr.P. 3001(f).

20. *In re Geneva Steel Co.,* 260 B.R. 517, 524 (10th Cir. BAP 2001), *aff'd,* 281 F.3d 1173 (10th Cir.2002); *accord In re Fullmer,* 962 F.2d 1463, 1466 (10th Cir.1992) (To overcome the prima facie effect of a properly filed proof of claim, "the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim, [and only] then is the ultimate burden of persuasion with the proponent of the proof of claim."), *abrogated on other grounds, Raleigh v. Illinois Dept. of*

*Rev.,* 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000).

21. Fed. R. Bankr.P. 3001(f); *see In re Harrison,* 987 F.2d 677, 680 (10th Cir.1993); *Fullmer,* 962 F.2d at 1466 (both cases stating, without discussion, that a proof of claim is prima facie evidence when it is "properly filed".)

22. The Court does not make a determination that Wilson met his burden on the portion of the claim allowed in the Claim Allowance Order, only that he failed to meet his burden

bankruptcy court was required under § 502(b)(1) to disallow the portion of Wilson's claim in question as a matter of law.

Wilson's POC is not "executed and filed in accordance with [the Bankruptcy Rules,]" and thus it cannot be prima facie evidence of a claim.[23] Although it is set forth on Official Form 10, it is executed by Wilson and it was filed, the face of the POC does not assert *any* claim against the debtor. The basis for the claim is for "services performed," "money loaned," and "wages, salaries, and compensation" earned.[24] In the attachments to the POC, Wilson *admits* that Knight, Medscan or the Related Entities were his employers and the *only* recipients of his services and loans-the debtor is not listed anywhere in the POC as an employer or recipient of services or loans.[25] On the face of the POC, therefore, it is not apparent that there is any claim asserted against the debtor at all. When the face of a proof of claim does not assert a claim against the debtor and, in fact, admits that the basis of the claim is for services rendered, money loaned, or employment by a nondebtor

person or entity, it is not properly executed and filed in the debtor's case, and it cannot be prima facie evidence of the validity and the amount of a claim against the debtor under Federal Rule of Bankruptcy Procedure 3001(f).[26]

Because the POC is not prima facie evidence of the validity and amount of Wilson's alleged claim, Wilson had the initial burden to prove a claim against the debtor. A review of the entire record shows that, other than the portion of the POC allowed by the Claim Allowance Order, Wilson failed to meet this burden. The evidence establishes that any claim Wilson has is against Knight, Medscan or the Related Entities, all of which are separate from the debtor. Accordingly, we do not have a "definite and firm conviction" that the bankruptcy court erred in finding that Wilson did not have a claim against the debtor and entering the Claim Disallowance Order.[27]

Even if, as assumed by the bankruptcy court, the POC is prima facie evidence of the validity and amount of Wilson's claim,[28]

---

on the portion of his claim subject to the Claim Disallowance Order. *See supra* n. 4.

23. Fed. R. Bankr.P. 3001(f).

24. POC at 1, *in* Appellant's Appendix at 1.

25. The attachment to the POC is styled by Wilson as a "recap of the financial investment of money that was advanced for the purpose of building a solid base for the public company MEDSCAN [and Related Entities] GNEW, ISOP, BGOC and BBAN by Curt H. Wilson Senior." POC at 2–3, *in* Appellant's Appendix at 2. This "recap" is broken into three sections: (1) a listing of 22 separate payments that Wilson made to Medscan and Related Entities; (2) six payments that Wilson made to Medscan or the Related Entities, one payment for moving expenses that was to be reimbursed to Wilson by an unidentified party pursuant to a contract, and salary that was to be paid to Wilson by an unidentified party under a contract; and (3) two payments made

to Related Entities or other nondebtor entities.

Note that Wilson did not attach copies of the contracts or loan documents referred to in the attachment. To the extent that the contracts or loans were based on a writing, the POC violates Federal Rule of Bankruptcy Procedure 3001(c). Failure to comply with Rule 3001(c) is yet another reason for not treating the POC as prima facie evidence of the validity and amount of Wilson's claim.

26. *See* 11 U.S.C. § 502(b)(1) (claim must be disallowed if it is unenforceable against a debtor or property of the debtor).

27. *See* discussion at n. 8 *supra*.

28. Our *de novo* review of the applicable burden of proof in this case shows that the bankruptcy court did not apply the proper burdens of proof. We do not reverse, however, because the bankruptcy court did not err in

the debtor met its initial burden as the objecting party of showing that the portion of the POC in question was not allowable under § 502(b)(1) because it was "unenforceable against the debtor."[29]  Having met its burden based on the face of the POC, Bradford's testimony and § 502(b)(1), the burden shifted to Wilson to persuade the bankruptcy court that he had a valid claim against the debtor.  Wilson failed to meet this ultimate burden and, thus, the Claim Disallowance Order is not erroneous.

## III. *Conclusion*

For the reasons stated herein, the Claim Disallowance Order is AFFIRMED.

entering the Claim Disallowance Order.  Wilson's reliance on the bankruptcy court's incorrect statements regarding the applicable burden of proof, however, is not valid.

**29.**  11 U.S.C. § 502(b)(1).